542    PEOPLE ex rel. UNION INS. CO. v. NASH.

First Department, March Term, 1888.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE UNION INSURANCE COMPANY OF PHILADELPHIA and Others, Appellants, v. STEPHEN P. NASH and Others, as Arbitrators, Respondents.

*Mandamus — not the proper remedy to compel arbitrators to act.*

In this application for a peremptory *mandamus*, it appeared that an arbitration had been agreed upon between the relators and certain other parties, good at common law, though not framed pursuant to the provisions of the Code in respect to arbitrations.

*Held*, that a *mandamus* was not a proper remedy by which the arbitrators, refusing to act, could be required to perform their functions.

Appeal from an order denying a motion for a peremptory *mandamus*, requiring certain arbitrators to proceed under an arbitration agreement.

*Treadwell Cleveland*, for the appellants.

*Stephen P. Nash* and *James E. Carpenter*, respondents, in person.

*Butler, Stillman & Hubbard*, for the Continental Insurance Company, one of the parties to said arbitration agreement.

Van Brunt, P. J.:

In view of the conclusion arrived at as to the power of the court to entertain this proceeding, it is not at all necessary to consider the question as to whether Lorenzo Dimmick, one of the parties to the arbitration, could revoke the same notwithstanding the clause in the agreement waiving revocation. We do not see how the court can compel the arbitrators to act. The arbitration was a simple private contract between the parties to it. It is true that it might be claimed to have been framed pursuant to the provisions of the Code in respect to arbitrations. But that these provisions of the Code were not intended to guide and govern the arbitration is evident because the operation of many of them are expressly stipulated against. The arbitration therefore seems to be a common law arbitration, and it is the enforcement of a common law arbitration which is sought to be attained by this writ of *mandamus*.

We are not aware of any rule, nor has our attention been called to any principle which has been establishes, which authorized the

PEOPLE ex rel. DEL MAR v. ST. L. & S. F. R. CO.   543

First Department, March Term, 1888.

court by this proceeding to enforce the rights of parties under such an agreement. *Mandamus*, it has been held, is appropriate where a public duty is imposed or some act specifically directed by statute, but it will not lie to enforce mere private contracts. (*People ex rel. Coppers* v. *Trustees, etc.*, 21 Hun, 195.) It may be asked what remedy a party has if the arbitrators improperly refuse to perform their functions. It is a sufficient answer that the remedy by *mandamus* does not seem appropriate as it is not sought to enforce any public duty or any act specifically directed by statute, but simply to carry into effect the private contract of the parties to the arbitration agreement. What the proper remedy of the relator is to procure redress it is not necessary for us to advise. It seems to be clear for the reasons above stated that no relief can be afforded by *mandamus*.

The order should be affirmed, with costs and disbursements.

BARTLETT and MACOMBER, JJ., concurred.

Order affirmed, with costs and disbursements.